**United States District Court**
For the Northern District of California

\*\* E-filed March 18, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APOLONIA SALINAS, et al., | No. C09-04541 HRL |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW** |
| v. | |
| LAVENDER INVESTMENT, INC., et al., | **[Re: Docket No. 25]** |
| Defendants. | |

Apolonia Salinas and Faustino Cortez ("Plaintiffs") brought this wage-and-hour action against their former employer Lavender Investment, Inc. d/b/a/ Ma's Restaurant ("Lavender") and Tohn Shieh ("Shieh"). In November 2010, Plaintiffs executed separate settlement agreements with Lavender.[1] Thereafter, Lavender notified its counsel, Hopkins & Carley, that it does not wish to continue to be represented by them anymore. Docket No. 25-1 ("Pyne Decl.") ¶4. Accordingly, Hopkins & Carley now moves to withdraw from this case. Docket No. 25 ("Motion").[2]

Under this District's civil local rules, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L. R. 11-5(a). Moreover, "[w]hen

---

[1] Apparently, Lavender has not fulfilled its obligations under the settlement agreements. Thus Plaintiffs have filed a motion to enforce the terms of the purported settlement agreements. Docket No. 22.

[2] According to their proof of service, Hopkins & Carley served a copy of its motion to withdraw on Plaintiffs and Lavender on February 8, 2011. However, Hopkins & Carley did not serve Shieh as Shieh has not yet appeared in this case.

withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . , unless and until the client appears by other counsel or *pro se*. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition." Civ. L. R. 11-5(b). In addition, "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. L. R. 3-9(b).

Since Lavender is a corporation, it may only appear in this action through an attorney; it may not appear *pro se*. In his declaration, Lavender's counsel states that he has "explained the potential consequences of [Hopkins & Carley's] withdrawal to [Lavender], and [Lavender] has confirmed its desire for no further representation by Hopkins & Carley." Pyne Decl. ¶ 4.

Since Lavender has told Hopkins & Carley that it does not wish to continue to be represented by them, good cause exists to allow them to withdraw. Accordingly, Hopkins & Carley's motion is GRANTED.[3] However, since Lavender's counsel makes no mention of the simultaneous appearance of substitute counsel and Lavender may not appear *pro se*, the withdrawal is subject to the condition that papers may continue to be served on Hopkins & Carley for forwarding purposes unless and until Lavender appears by other counsel. Hopkins & Carley shall notify Lavender of this condition.

**IT IS SO ORDERED.**

Dated: March 18, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the March 22, 2011 hearing is vacated.

2

**C09-04541 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com |
| Adam Lee Pedersen | alpedersen@gmail.com |
| Daniel Francis Pyne, III | dpyne@hopkinscarley.com, jfarlow@hopkinscarley.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**