\*\* E-filed May 4, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APOLONIA SALINAS, et al., | No. C09-04541 HRL |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENTS** |
| v. | |
| LAVENDER INVESTMENT, INC., et al., | **[Re: Docket No. 22]** |
| Defendants. | |

## BACKGROUND

Apolonia Salinas ("Salinas") and Faustino Cortez ("Cortez") (collectively, "Plaintiffs") brought this wage-and-hour action against their former employer Lavender Investment, Inc. d/b/a/ Ma's Restaurant ("Lavender") and Tohn Shieh ("Shieh"). In November 2010, Plaintiffs executed separate settlement agreements with Lavender. See Docket No. 23 ("Pedersen Decl."), Exs. 5, 6, 8.

Thereafter, Lavender notified its counsel, Hopkins & Carley, that it did not wish its counsel to continue representing it. Docket No. 25-1 ("Pyne Decl.") ¶4. Upon motion, this Court allowed Hopkins & Carley to withdraw as Lavender's counsel. Docket No. 26. In its order, the Court alerted Lavender that since it is a corporation, it may only appear in this action through an attorney; it may not appear *pro se*.[1] Id. at 1-2; see Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"); see

---

[1] In his declaration, Lavender's counsel stated that he also "explained the potential consequences of [Hopkins & Carley's] withdrawal to [Lavender], and [Lavender] has confirmed its desire for no further representation by Hopkins & Carley." Pyne Decl. ¶ 4.

United States District Court
For the Northern District of California

also Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel") and In Re Highley, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law"). To date, Lavender has not alerted this Court that is has obtained new counsel.

Lavender did not pay Plaintiffs the amounts due under the settlement agreements, so Plaintiffs filed a motion to enforce them and for the attorney's fees and costs they incurred in having do so. Docket No. 22. Given the circumstances surrounding Lavender's legal representation (or lack thereof), the Court continued the hearing on Plaintiffs' motion. Docket No. 27. Nevertheless, Lavender has not opposed Plaintiffs' motion.

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the May 10, 2011 hearing is vacated.

## DISCUSSION

As described above, Plaintiffs and Lavender executed separate settlement agreements to resolve their dispute. According to the executed agreements submitted by Plaintiffs, Lavender agreed to pay $10,850.00 to Salinas and $6,650.00 to Cortez in exchange for their release of claims against it.[2] Pedersen Decl., Ex. 8.

A court retains jurisdiction to enforce a settlement in a case pending before it. See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994). To be enforceable, a settlement must meet two requirements. First, it must be a complete agreement. Callie, 829 F.2d at 890-91. Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977). The settlement agreements in this case meet both requirements. Although an evidentiary hearing is

---

[2] Specifically, Lavender is to pay: (1) $7,200.00 (less deductions required by law) to Salinas in settlement of her claims for unpaid wages and penalties and interest and $3,650.00 to her counsel in settlement of her claims for attorney's fees and costs; and (2) $3,000.00 (less deductions required by law) to Cortez in settlement of his claims for unpaid wages and penalties and interest and $3,650.00 to his counsel in settlement of her claims for attorney's fees and costs. Pedersen Decl,, Ex. 8.

2

required "[w]here material facts concerning the existence or terms of an agreement to settle are in dispute," no hearing is necessary when, as here, the terms set forth in the settlement agreements are unambiguous and leave no material facts in dispute. See Callie, 829 F.2d at 890.

In short, Plaintiffs and Lavender entered into complete, clear, and valid settlement agreements, but Lavender has not held up its end of the bargain. In this situation, Plaintiffs' motion to enforce the agreements is granted.

As for Plaintiffs' request for the attorney's fees and costs incurred with respect to their motion, while the settlement agreements provide that "[e]ach party, upon breach of this agreement by the other, shall have the right to seek all necessary and proper relief . . . from a court of competent jurisdiction and the party prevailing in such a suit shall be entitled to recover reasonable costs and attorney fees," Plaintiffs have not submitted any documentation detailing any of the attorney's fees and/or costs they have incurred. If Plaintiffs want this Court to consider their request further, Plaintiffs shall submit such documentation within 5 days from the date of this order.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to enforce the settlement agreements in GRANTED. The parties are ordered to comply with the terms of the settlement agreements. In addition, Plaintiffs shall provide the Court with documentation reflecting their attorney's fees and/or costs incurred with respect to their motion within 5 days from the date of this order.

Hopkins & Carley shall forward a copy of this order upon Lavender.

**IT IS SO ORDERED.**

Dated: May 4, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1   **C09-04541 HRL Notice will be electronically mailed to:**

2   Adam Wang                    adamqwang@gmail.com, alpedersen@gmail.com,
                                  rosilenda@gmail.com
3   Adam Lee Pedersen            alpedersen@gmail.com
    Daniel Francis Pyne, III     dpyne@hopkinscarley.com, jfarlow@hopkinscarley.com

4

5   **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**