\*\* **E-filed February 3, 2012** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APOLONIA SALINAS; et al., | No. C09-04541 HRL |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| v. | |
| LAVENDER INVESTMENT, INC. dba MA'S RESTAURANT; et al., | **[Re: Docket No. 30]** |
| Defendants. | |

Plaintiffs Apolonia Salinas and Faustino Cortez move for an award of attorney's fees. Plaintiffs' counsel has submitted a declaration setting forth the fees incurred in this action.

This is a wage-and-hour action in which plaintiffs brought suit against their former employer, Lavender Investment, Inc. ("Lavender") and Tohn Shieh. In November 2010, the plaintiffs each executed a settlement agreement with Lavender. See Dkt. No. 23. Lavender did not satisfy its obligations under the settlement agreements, and the plaintiffs moved for enforcement of the agreements and for fees and costs associated with their efforts to enforce. Dkt. No. 22. This court granted the motion to enforce in its Order of May 4, 2011. Dkt. No. 28. However, as plaintiffs had not submitted any documentation in support of their request for attorney's fees and costs, the court ordered them to submit documentation sufficient to detail their fees and costs. Id. Plaintiff submitted a supplemental declaration on May 9, 2011. Dkt. No. 30.

1    The settlement agreements between plaintiffs and Lavender provide that "[e]ach party, upon breach of this agreement by the other, shall have the right to seek all necessary and proper relief . . . from a court of competent jurisdiction and the party prevailing in such a suit shall be entitled to recover reasonable costs and attorney fees." Dkt. No. 23, Exh. 8, pp. 5, 11.

Plaintiff's counsel, Adam Pedersen, attests that he spent a total of 5.25 hours working on the motion to enforce the agreements, and seeks $1,207.50 in fees. Dkt. No. 30 ¶¶ 5-6. To determine the appropriate hourly rate, Pedersen used the Laffey Matrix, which is produced by the United States Department of Justice and "designed to provide objective guidance in assessing appropriate hourly rates depending on attorney experience." San Francisco Baykeeper v. W. Bay Sanitary Dist., 2011 U.S. Dist. LEXIS 138093, *21 (N.D. Cal. Dec. 1, 2011). Pedersen requests that the court award him $230 per hour, the Laffey Matrix's 2010-2011 hourly rate for attorneys with 1-3 years of experience, which is counsel's stated experience level. While Pedersen has not provided records or invoices, he does state how and when he spent those hours working on the final settlement agreements, and then, the motion to enforce those agreements. The court finds that the hours worked are reasonable, as is the hourly rate sought.

After due consideration of the reasonableness of the fee request, the court GRANTS Plaintiffs' motion. An award of attorney's fees in the amount of $1,207.50 is ORDERED to be paid.

**IT IS SO ORDERED.**

Dated: February 3, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C09-04541 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com |
| Adam Pedersen | alpedersen@gmail.com |
| Daniel Pyne, III | dpyne@hopkinscarley.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**